ABEL S. MYERS, Respondent, v. JAMES Y. PARKER and EMMA
PARKER, Appellants.

*Trespass by cattle — defense of agreement to pasture.*

An agreement by the plaintiff to pasture the defendants' cattle is no defense to
an action for trespasses committed by the cattle in the plaintiff's garden and
oatfield, unless the agreement is shown to be one to pasture them in the garden
and oatfield, or unless it is shown that the cattle strayed to those places through
some fault of the plaintiff.

APPEAL by the defendants, James Y. Parker and Emma Parker,
from a judgment of the County Court of Sullivan county, entered
in the office of the clerk of that county on the 10th day of April,
1893, in favor of the plaintiff, upon the reversal of a judgment of a
justice of the peace in favor of the defendants.

*Wilton Bennett*, for the appellants.

*Chas. H. Stage*, for the respondent.

PUTNAM, J.:

This action was commenced in a Justice's Court and on a verdict
of a jury judgment was rendered in favor of defendants for costs.
The County Court of Sullivan county reversed such judgment and
defendants appeal to this court.

The complaint stated a cause of action for trespasses of defend-
ants' cattle on premises of plaintiff. The alleged trespasses were
clearly shown by testimony produced by plaintiff which was not
contradicted. The defendants undertook to show that plaintiff at
the time of the alleged trespasses was under an agreement to pasture
defendants' said cattle, but no attempt was made to show a contract
to so pasture them in plaintiff's garden or oatfield, where the alleged
trespasses were committed. Plaintiff's agreement to pasture the
cattle was no defense unless shown to be one to pasture them in
plaintiff's garden or oatfield, or unless it appeared that the cattle
strayed to those places through some fault of plaintiff's. No such
proof was produced by the defendants. On the evidence, we
think, plaintiff was entitled to judgment.

Again, on the trial the following questions were asked defendant Parker as a witness, and he was allowed to give the following answers, viz.: "Q. Did you consider your cows in plaintiff's care so long as you rented pasture from him? [Objected as improper and immaterial and not within the issues raised by the answer. Objection overruled.] A. Yes, sir. Q. And for that reason you say that these cattle did not commit any trespass on defendants' land? [Same objection, same ruling.] A. Yes, sir."

We think that this evidence was improperly received. The objections thereto of plaintiff should have been sustained. This evidence may have affected the verdict of the jury.

Our conclusion is that the judgment of the County Court should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.